(R.D. 11534)

PARK BENZIGER EXPORT CORP. *v.* UNITED STATES

Entry Nos. 11427; 11553.

(Decided May 28, 1968)

*Stitt, Hemmendinger & Daniels* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

WATSON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation entered into between counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the respective parties hereto, subject to the approval of the Court, as follows:

1. The merchandise which is the subject of the above-captioned reappraisement appeals consists of tennis shoes imported in 1961 under Entry Nos. 11427 (R 63 2082) and 11553 (R 63 2083) through the Port of San Francisco.

2. The merchandise was returned by the Appraiser as having soles wholly or in chief value of india rubber or substitutes for rubber, dutiable upon the American selling price as defined in Section 402(g) of the Tariff Act of 1930 as amended, under the authority of the Presidential Proclamation set forth in 63 Treas. Dec. 232, T.D. 46158; and was assessed at $2.65 per pair less 2%, net packed and $2.00 per pair, net packed, depending on the type of upper.

3. The material of chief value of the soles was high styrene resin, which was not rubber or a substitute for rubber and does not fall within the purview of the Presidential Proclamation set forth in 63 Treas. Dec. 232, T.D. 46158, and is, therefore, not subject to appraisement on the basis of American Selling Price.

4. Said footwear is not identified in the Final List, published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956, T.D. 54521, effective February 27th, 1958.

5. On or about the date of exportation, such or similar footwear was freely offered for sale to all purchasers in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, at the invoice unit ex-factory prices plus packing charges plus items marked inland freight and other charges, as noted on the invoice, said prices including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

6. The instant appeal for reappraisement may be submitted for decision upon this stipulation.

On the agreed facts, I find and hold export value as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, to be the proper basis for the determination of the value of the merchandise here involved, and that such values were the invoice unit ex-factory prices, plus packing charges, plus items marked inland freight and other charges as noted on the invoices.

Judgment will be entered accordingly.